UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

BKY No. 11-51076

In re:

Jeanne Marie Armstrong,

       Debtor.
_____

Erik A. Ahlgren, Trustee,                                          Adv. No.: 16-5005

       Plaintiff,

vs.

Wesley W. Scott and Kain & Scott, P.A.,

       Defendants.
_____

**TRUSTEE'S RESPONSE TO MOTIONS FOR DISMISSAL
AND SANCTIONS**
_____

**INTRODUCTION**

The genesis of the dispute at bar was the commencement of Adv. No. 14-5050 ("**Adversary Proceeding**") initiated by Erik A. Ahlgren, Trustee ("**Trustee**") against Debtor Jeanne M. Armstrong ("**Debtor**") and her relatives. The claims asserted in the Adversary Proceeding were: (1) bad faith conversion of the bankruptcy case (with implications relevant to this proceeding); (2) turn over; (3) unauthorized transfer; (4) recovery of transfers; and (5) objection to discharge. The Complaint made clear in Count I that the result of a bad faith conversion was to make a malpractice claim against Wesley Scott and his law firm ("**Defendants**") property of the bankruptcy estate pursuant to bankruptcy law.

{00473674.1}                                          1

The Settlement Agreement (Main case docket item no. 60 at Exhibit A) entered into by the Trustee and the Debtor acknowledged the bad faith claim (par. 15). In paragraph 2, the Debtor agreed that the malpractice claim was property of the Chapter 7 bankruptcy estate. On January 13, 2016, the Court issued an order approving the Settlement Agreement (Docket No. 44).

Here, the proper interpretation of the approved Settlement Agreement controls the issue at bar. As will be discussed in greater detail below, the proper interpretation of the Settlement Agreement is based on the intent of the parties. The Trustee asserts that the intent of the parties' mutual agreement was that the Debtor's conversion was in bad faith and that, as a result, the Debtor's malpractice claim became property of the estate. To clarify the intent of the parties, an Amendment to Settlement Agreement was entered between the Debtor and the Trustee,[1] which states:

> "The Debtor agrees that her conversion from Chapter 13 to Chapter 7 was in bad faith for purposes of 11 U.S.C. §348(f)(2) and that any possible malpractice claim against her attorney, Wesley Scott and the law firm of Kain & Scott P.A. (the "Claim") is property of the Chapter 7 bankruptcy estate."

Defendants assert that the parties' intent was to contractually assign the malpractice claim outside of the Bankruptcy Code. Because the Defendants and the Trustee dispute the proper interpretation of the Settlement Agreement, this dispute is one that should be determined at trial.[2] Moreover, because there is a good faith factual dispute concerning the proper interpretation of the Settlement Agreement, both the Defendant's motion to dismiss and motion for sanctions should be denied.

---

[1] See Affidavit of Matthew R. Burton, Ex. A
[2] A matter of contractual interpretation may also be determined through summary judgment.

A.  **A GOOD FAITH DISPUTE OVER THE INTERPRETATION OF THE SETTLEMENT AGREEMENT IS NOT SANCTIONABLE.**

The Settlement Agreement states: "The Debtor agrees that any possible malpractice claim against her attorney, Wesley Scott, is property of the estate." The Trustee noticed the settlement indicating that the malpractice claim against Defendants was becoming property of the Chapter 7 bankruptcy estate and received no objections. On January 13, 2016, the Court entered an order holding that, "[t]he settlement, as described in the Notice of Settlement (Docket No.44) dated August 10, 2015, is approved."

The Adversary Proceeding, including the bad faith conversion claim, by the Debtor's agreement that the claim was property of the bankruptcy estate which was the net effect of bad faith conversion. Defendants ignore the Trustee's bad faith conversion claim and assert that the parties' intent was to contractually assign the malpractice claim outside of the Bankruptcy Code.

Here, the proper interpretation of the Settlement Agreement must be based on the parties' intent. A settlement agreement is "essentially a contract, subject to contractual rules of interpretation and enforcement." *Boston Scientific Corporation v. Sprenger*, 903 F.Supp2d 757, 762 (D. Minn. 2012) citing *Ridgecliffe Second Assoc. v. Boutelle*, 2001 WL 1182404, at *2 (Minn. App. Oct. 9, 2001). "The primary goal of contract interpretation is to ascertain the intent of the parties." *Id.* citing *Winthrop Res. Corp. v. Sabert Corp.*, 567 F.Supp.2d 1084, 1091 (D. Minn. 2008) (citing *Motorsports Racing Plus, Inc. v. Arctic Cat Sales, Inc.*, 666 N.W.2d 320, 323 (Minn. 2003)). To clarify the intent of the parties, an Amendment to Settlement Agreement was entered between the Debtor and the Trustee,[3] which states:

> "The Debtor agrees that her conversion from Chapter 13 to Chapter 7 was in bad faith for purposes of 11 U.S.C. §348(f)(2) and that any possible malpractice claim against her attorney, Wesley Scott and the law firm of Kain & Scott P.A. (the "Claim") is property of the Chapter 7 bankruptcy estate."

---

[3] See Ex. A t to Burton Affidavit

The Trustee submits that this Court's decision in *In re KTMA Acquisition Corp.*, 153 B.R. 238 (Bankr. D. Minn. 1993) properly sets forth the considerations for Rule 9011 sanctions. As noted therein, a party's signature on a pleading, motion or other paper constitutes an affirmative certification that:

1. there was a "reasonable inquiry" of the relevant facts and law;
2. that the signer believed its filing was "well grounded in fact;"
3. that the legal theory behind the claims for relief were objectively "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;" and
4. that the filing was "not interposed for any improper purpose" such as harassment, delay, or an unnecessary increase in cost.

See *Id*. If any of the first three conditions are not met, the filing is considered "frivolous." If the fourth qualification is violated, the purpose of the filing is deemed "improper."

*Id.* at 247; Bankruptcy Rule 9011 incorporating Rule 11 of the F. R. Civ. P. ("**Rule 11**").

A. <u>Reasonable Inquiry as to Law</u>

The Trustee's position, as detailed above, is that the Court-approved settlement agreement governs the matter. Judicial approval of the parties' settlement "places the power and prestige of the court behind the compromise struck by the parties." *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983). If the court approves a settlement, a final order of court approval is entered that has the same res judicata effect as any other final order of the court. *In re Robinson*, 368 B.R. 805, 815-16 (Bankr. E.D. Ark. 2007) citing *Bezanson v. Bayside Enters. Inc. (In re Medomak Canning)*, 922 F.2d 895, 900 (1st Cir. 1990) (citing *Arrieta–Gimenez v. Arrieta–Negron*, 859 F.2d 1033, 1041 (1st Cir. 1988)).

It has been held:

A bankruptcy court approves compromises and settlements pursuant to Bankruptcy Rule 9019, which provides that "on motion by the trustee and after a hearing on notice ... the court may approve a compromise or settlement." Fed.R.Bankr.P. 9019. A bankruptcy court's approval of a settlement order that

brings to an end litigation between parties is a "final" order. See *In re Cajun Electric Power Coop., Inc.*, 119 F.3d 349, 354 (5th Cir. 1997); *In re West Texas Marketing Corp.*, 12 F.3d 497, 501 (5th Cir.1994); *In re Medomak Canning*, 922 F.2d 895, 900 (1st Cir. 1990). A bankruptcy court's final orders are appealable as of right under 28 U.S.C. §158. A settlement agreement approved and embodied in a judgment by a court is "entitled to full res judicata effect." *West Texas Marketing*, 12 F.3d at 500. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Medomak*, 922 F.2d at 900 (quoting *Allen v. McCurry*, 449 U.S. 90, 94, (1980)).

*In re Gibraltar Resources, Inc.*, 210 F.3d 573, 576 (5th Cir. 2000) (applying res judicata to claims previously made subject to a court-approved settlement).

The settlement concluded the issue as to the rights to the malpractice claim. Defendants had the opportunity to object to the settlement and elected not to do so. Therefore, they are now barred from arguing to the contrary. The purpose of Rule 9019(a) is to ensure that creditors and other interested parties have the opportunity to object where their interests may be adversely affected by the compromise, settlement or stipulation. Bankruptcy Procedure Manual §9019:1 citing *In re Fortran Printing, Inc.* 297 B.R. 89 (Bankr. N.D. Ohio 2003) and *In re Union Meeting Partners, Inc.*, 160 B.R. 757, 773 (Bankr. E.D. Pa. 1993). Interested parties who have received notice . . . who fail to object are bound by the terms of the approved agreement. *Id.* (citations omitted). The order granting approval is given res judicata effect. *Id.*

The Trustee gave proper notice of the settlement which was received by Defendants. (Main case docket item 45). They did not object to the settlement and are now bound by its terms.

While the Court may have ruled the conversion was not in bad faith, that ruling does not alter the terms of the Settlement Agreement (which was approved subsequent to the Court's "bad faith ruling."). It is the terms of the Settlement Agreement that control the issue at bar. In other words, whether the Debtor actually acted in bad faith is immaterial. The Debtor, for purposes of

settlement, agreed that the conversion was in bad faith which altered the date that the property of the estate is determined. 11 U.S.C. §348(f)(2).

### B. Filing was Well Grounded in Fact

The parties' dispute is based on the proper interpretation of the settlement agreement. While the Defendants may claim that the Settlement Agreement is unclear as to whether the malpractice claim became property of the estate as a result of the Debtor's bad faith conversion or based solely on a contractual assignment outside of the Bankruptcy Code, the proper interpretation of the Settlement Agreement must be based on the parties' intent. To clarify the intent of the parties, an Amendment to Settlement Agreement was entered between the Debtor and the Trustee, which states:

> "The Debtor agrees that her conversion from Chapter 13 to Chapter 7 was in bad faith for purposes of 11 U.S.C. §348(f)(2) and that any possible malpractice claim against her attorney, Wesley Scott and the law firm of Kain & Scott P.A. (the "Claim") is property of the Chapter 7 bankruptcy estate."

Based on this Amendment, the Trustee asserts that his claim as to the proper interpretation of the Settlement Agreement is well grounded in fact.

### C. The Legal Theory is Warranted by Existing Law

As described above, the Trustee believe that the terms of the Settlement Agreement control the issue at bar and that the parties' intent is amply demonstrated both by the context of the Settlement Agreement and the Amendment to Settlement Agreement that was subsequently entered. The Trustee asserts that his legal theory is well supported by existing law.

### D. Pleading is not Intended for Improper Purpose

The purpose of the Complaint is to recover on a malpractice claim which became property of the estate pursuant to the Court-approved settlement. As to the merits of the action, the Trustee has already received an expert opinion that malpractice occurred on the part of

Defendants. Given these circumstances, the Trustee submits that commencement of the action was not frivolous and that chest pounding on the part of Defendants does not make it so.

**B. THE CASE SHOULD NOT BE DISMISSED PURSUANT TO BANKRUPTCY RULE 7012.**

Defendants set forth the appropriate standard for dismissal pursuant to Rule 12 of the Federal Rules of Civil Procedure made applicable to this proceeding by Bankruptcy Rule 7012. It has been held that:

> Federal Rule of Civil Procedure 8(a)(2), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7008, requires pleadings that state a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.Civ.P. 8(a)(2); Fed. Rules Bankr.Proc. 7008. A complaint which fails to state a claim to relief that is plausible on its face may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6):
>
>> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. **The plausibility standard is not akin to a "probability requirement,"** but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "
>
> *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal citations omitted; quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[W]e accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf*, 517 F.3d at 549. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft* at 1949. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950. On a 12(b)(6) motion, courts are permitted to consider matters of public record. *Deerbrook Pavilion, LLC v. Shalala*, 235 F.3d 1100, 1102 (8th Cir. 2000). "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008).

*In re Farmland Industries, Inc.*, 408 B.R. 497, 503 (8th Cir. B.A.P. 2009).

The Trustee's Complaint gives notice of the claims that he asserts against Defendants and sets forth adequately the factual basis therefore. Among the facts alleged by the Trustee are:

1. Knowing that Debtor had won the lottery, Defendants failed to report Debtor's increased income to the Chapter 13 Trustee and failed to properly advise the Debtor regarding the same. Complaint at Introduction.

2. Defendants failed to properly advise the Debtor about the consequences of any transfer of her lottery winnings to family members. *Id.*

3. **As a result of the negligent advice and counsel** provided by Defendants to the Debtor, the Debtor was exposed to a denial of discharge or revocation of discharge action. *Id.*

4. Debtor suffered damages, which are now property of the bankruptcy estate, which include, but are not limited to the following:

    a. All bankruptcy and trustee fees in connection with the Chapter 13 case and the converted Chapter 7 case;

    b. All attorneys' fees incurred in connection with this bankruptcy case;

    c. All debt remaining that would have otherwise been discharged in this bankruptcy case;

    d. The $10,000.00 settlement to be paid to the Trustee;

    e. Attorneys' fees and costs incurred by the Trustee in liquidating and collecting damages suffered by the Debtor and the bankruptcy estate; and

    f. Other general damages to be proven at trial. *Id.* at 18.

5. Defendants had a duty to Debtor to competently represent her. Specifically, Defendants were required to use the same degree of skill and learning that a practitioner would use who is in good standing, in a similar practice and in similar circumstances, and were further required to act in good faith and use reasonable care in applying that skill and learning during the course of the representation. *Id.* at 21.

6. Defendants were negligent in failing to meet the applicable standard of care of an attorney representing a client like the Debtor. More specifically, among Defendants' deficiencies were:

 a. Failure to counsel the Debtor regarding her obligation to provide tax returns and refunds to the Office of the Chapter 13 Trustee as required by both the Plan and customary requirements of the Chapter 13 Trustee;

 b. Failure to report the increased income from the gambling winnings to the Office of the Chapter 13 Trustee;

 c. Failure to advise Debtor that the direct and indirect transfers of her lottery winnings to her husband and son would expose them to liability in avoidance actions; and,

 d. Failure to advise the Debtor that her failure to fulfill her obligations, as described in this Complaint, would likely cause denial of her bankruptcy discharge. *Id.* at 22.

7. As a direct and proximate result of Defendants' negligence, the Debtor was forced to stipulate to the denial of her discharge, resulting in non-dischargeable debts that would have otherwise been dischargeable. But for Defendants' negligence, an order for discharge in favor of the Debtor would have been entered in the case. *Id.* at 24.

The showing a plaintiff must make in order to survive a motion to dismiss under Rule 12 is minimal. *Westley v. Mann,* 896 F.Supp2d 775, 786 (D. Minn. 2012); *Dawson v. New York City Transit Authority*, 624 Fed.Appx. 763, 766 (2nd Cir. 2015) (the burden that a plaintiff must satisfy in order to establish a initial prima facie case has been described as "not onerous," *Burdine,* 450 U.S. at 253, 101 S.Ct. 1089, and "minimal and de minimis," *Woodman v. WWOR–TV, Inc*., 411 F.3d 69, 76 (2nd Cir.2005) (citations omitted)). The Trustee need only allege sufficient facts to state a claim. In a legal malpractice action, the facts a plaintiff must allege in order to state a claim are: "(1) the existence of an attorney-client relationship; (2) acts constituting negligence or breach of contract; (3) that such acts were the proximate cause of the

plaintiff's damages; (4) that but for defendant's conduct the plaintiff would have been successful in the prosecution or defense of the action." *Friedberg,* at 742-43 citing *Blue Water Corp. v. O'Toole*, 336 N.W.2d 279, 281 (Minn. 1983). The Trustee's Complaint has met these requirements.

The Trustee's Complaint is sufficient and the Court should deny Defendants' request for dismissal of the malpractice claim.

## CONCLUSION

The proper course to present the issues raised by Defendants should have been a Rule 12 motion, alone. There is certainly no cause for Rule 11 sanctions. Further, as detailed by the Trustee herein, Defendants' Rule 12 motion should be denied, as well.

**LEONARD, O'BRIEN,**
**SPENCER, GALE & SAYRE, LTD.**

Dated: June 13, 2016        By    /e/ Matthew R. Burton
Matthew R. Burton, #210018
Attorneys for Erik A. Ahlgren, Trustee
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402-1216
(612) 332-1030

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

BKY No. 11-51076

In re:

Jeanne Marie Armstrong,

    Debtor.

---

Erik A. Ahlgren, Trustee,                           Adv. No.: 16-5005

    Plaintiff,

vs.

Wesley W. Scott and Kain & Scott, P.A.,

    Defendants.

---

## AFFIDAVIT OF MATTHEW R. BURTON

---

Your Affiant, being first duly sworn, deposes and states as follows:

1.    I am counsel for Plaintiff Erik A. Ahlgren, Trustee.

2.    Attached here as Exhibit A is the Amended Settlement Agreement entered into by the Trustee and the Debtor.

FURTHER YOUR AFFIANT SAYETH NOT.

Dated: June 13, 2016

                                                                        Matthew R. Burton

Subscribed and sworn to before me
this 13th day of June, 2016.

Notary Public

VALERIE K. RITTENBACH
Notary Public-Minnesota
My Commission Expires Jan 31, 2021

{00467497.1}

EXHIBIT A

## AMENDMENT TO SETTLEMENT AGREEMENT

This Amendment to Settlement Agreement ("Amendment") is made and entered into as of December ____, 2015, by and between Erik A. Ahlgren, in his capacity as Trustee ("Trustee") and Jeanne Marie Armstrong ("Debtor") and Shawn M. Armstrong (collectively, the "Defendants"). The Trustee and the Defendants are referred to individually as a "Party" and collectively as the "Parties."

## RECITALS

1. On September 22, 2011, Debtor filed for bankruptcy under Chapter 13 of the Bankruptcy Code.

2. On June 16, 2014, the Debtor converted her case to a Chapter 7 bankruptcy (the "Conversion").

3. On October 2, 2014, the Trustee commenced an adversary proceeding (14-5050) (the "Adversary Proceeding") against the Defendants seeking, among other things, a finding that the Conversion was in bad faith per 11 U.S.C. §348(f)(2).

4. On or about August 10, 2015, the Parties executed a Settlement Agreement (the "Settlement Agreement"). Among the Parties' intentions with respect to the Settlement Agreement was to agree that the Conversion was in bad faith. The parties achieved this by agreeing that a malpractice claim which arose postpetition was property of the bankruptcy estate.

5. The Settlement Agreement provides that it may be modified by the Parties in writing.

6. The intent of this Amendment is to clarify that the Parties agree that the Conversion was made in bad faith per 11 U.S.C. §348(f)(2).

NOW, THEREFORE, the Parties agree as follows:

## AGREEMENT

Paragraph 2 of the Settlement Agreement is amended, and replaced, to read as follows:

> 2. Malpractice Claim. The Debtor agrees that her conversion from Chapter 13 to Chapter 7 was in bad faith for purposes of 11 U.S.C. §348(f)(2) and that any possible malpractice claim against her attorney, Wesley Scott and the law firm of Kain & Scott P.A. (the "Claim"), is property of the Chapter 7 bankruptcy estate. Approval of this Amendment and approval by the U.S. Bankruptcy Court shall constitute an assignment of the Claim by operation of law. Should the Trustee determine that a malpractice action is appropriate against Debtor's attorneys, the Debtor agrees to cooperate with the Trustee and his counsel in bringing the action. Should a court determine that the Debtor has not cooperated with the Trustee, all claims asserted in

the Adversary Proceeding shall be reinstated in full, the releases furnished by the Trustee to the Defendants shall be deemed not to have occurred, and all statutes of limitation and repose that may be applicable shall be deemed to have been tolled and suspended and any objections of the Defendants and any successors and assigns (including without limitation, any trustee, receiver or administrator) based upon the foregoing shall be deemed to be waived.

WHEREFORE, each of the parties hereto executes and delivers this Amendment to Settlement Agreement as of the date first set forth above.

_____
Erik A. Ahlgren, Trustee

_____
Jeanne Marie Armstrong

_____
Shawn M. Armstrong

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

_____

BKY No. 11-51076

In re:

Jeanne Marie Armstrong,

      Debtor.
_____

Erik A. Ahlgren, Trustee,                           Adv. No.: 16-5005

      Plaintiff,

vs.

Wesley W. Scott and Kain & Scott, P.A.,

      Defendants.
_____

## ORDER DENYING MOTIONS FOR DISMISSAL AND SANCTIONS
_____

      This matter came on for hearing before the Court on Defendants Wesley W. Scott and Kain & Scott, P.A. Motions for Dismissal and Sanctions.

      Based upon the foregoing, and upon all of the files and records in these proceedings,

      IT IS ORDERED that Defendants Wesley W. Scott and Kain & Scott, P.A.'s Motions for Dismissal and Sanctions are hereby denied.

Dated:

                                                            _____
                                                            United States Bankruptcy Judge