_____

| | |
|---|---|
| In re: | BKY No. Case No 11-51076 |
| Jeanne Marie Armstrong, | Chapter 7 |
| Debtor. | |
| | |
| Erik A. Ahlgren, Trustee, | Adv. No.: 16-05005 |
| Plaintiff, | **SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 11** |
| vs. | |
| Wesley W. Scott and Kain & Scott, P.A., | |
| Defendants. | |

_____

## INTRODUCTION

On June 13, 2016, the Trustee in the above-captioned adversary proceeding filed a memorandum opposing the motion of Wesley W. Scott and Kain & Scott, P.A., ("Kain & Scott") for sanctions under Federal Rule of Civil Procedure 11. (Adv. Doc. 12.) This memorandum is filed for the limited purpose of providing information to rebut a new statement of fact regarding a matter not previously in the record that was made in the June 13, 2016 memorandum.[1]

---

[1] Kain & Scott acknowledges this supplemental memorandum is not explicitly authorized by the applicable rules. But the undersigned counsel for Kain & Scott respectfully submits that the importance of the factual information referenced in this supplemental memorandum require (a) providing this information to the Court; and (b) giving the Trustee and his counsel notice and an opportunity to respond.

# DISCUSSION

The Trustee's June 13 memorandum states, in part:

> The Trustee asserts that the intent of the parties' mutual agreement was that the Debtor's conversion was in bad faith and that, as a result, the Debtor's malpractice claim became part of the estate. To clarify the intent of the parties, an Amendment to Settlement Agreement was entered into between the Debtor and the Trustee . . .

(Adv. Doc 12, p. 2.) The Trustee's memorandum does not explain numerous questions regarding this Amendment, including:

- Why the Amendment was not previously filed with this Court;

- When the Amendment was negotiated and signed (the face of the Amendment says December ___ but the signatures are undated);

- Whether it was signed before, or after, this Court's December 8, 2015 Order stating that the conversion was not in bad faith (Doc. 065);

- Whether any further consideration was provided to the Debtor in return for her potentially-damaging admission that the conversion was made in bad faith;

- Why the August 10, 2015 Settlement Agreement did not reflect the parties' alleged intent to include an agreement that the conversion was made in bad faith; and

- Whether it makes sense to state that the Amendment "clarifies" the parties' alleged intent on a topic that was not addressed in the Agreement, especially when the parties to the agreement were represented by counsel.

The Trustee has not provided any evidence, outside the Amendment, to support the assertion that the parties agreed in August 2015 that the conversion was made in bad faith, but that language to that effect was inadvertently omitted from the language of the Agreement. On this issue, Kain & Scott respectfully submits that this Court should consider Exhibit A hereto. Exhibit A is a September 10-11, 2015 email exchange

between Wes Scott and Jeffrey Bruzek, counsel for Ms. Armstrong. This exchange is significant in that it comes after the signing of the August 10, 2015 Settlement Agreement. In this exchange, Scott asks Bruzek about discussions with the Trustee's counsel concerning a bad-faith finding. In reply, Bruzek stated,

> I told him [Ahlgren] that we would never agree that it was bad faith. I think it was a telephone conference. Admitting it meant Jeanne knew she should not have converted the case due to her actions. I didn't want her admitting to something she didn't believe to be true.

(Ex. A, p. 1.) Thus, Exhibit A contradicts the assertion that, at the time of signing the Settlement Agreement, Ms. Armstrong had agreed to admit that the conversion was made in bad faith. To the contrary, Exhibit A makes it clear that the Amendment (which again, is undated but likely occurred some time in December 2015, or later) reflects a *new* understanding or agreement.[2]

In short, the undated, unfiled, and unapproved "Amendment" to the Settlement Agreement raises a host of questions regarding the Trustee's pursuit of this case against both Ms. Armstrong and Kain & Scott. Whatever the answer to those questions may be, this Court should conclude that no basis exists, in fact or law, for the Trustee's claim against Kain & Scott.

## CONCLUSION

For the reasons set forth above and in the memoranda previously filed by Kain & Scott, Scott's Motion for Sanctions under Rule 11 should be granted. Scott respectfully

---

[2] The original Agreement and the Amendment both obligate Ms. Armstrong to "cooperate" with the Trustee in pursuing the claim against Kain & Scott, on pain of revoking the release granted in the Settlement Agreement.

3

requests that the Court sanction the Trustee for the amount of reasonable attorney fees Scott has expended in this case, in an amount to be determined.

                                      MOSS & BARNETT
                                      A Professional Association

Dated: June 15, 2016              /e/ Charles E. Jones
                                      Charles E. Jones (#0202708)
                                      150 South Fifth Street, Suite 1200
                                      Minneapolis, MN 55402
                                      Telephone: (612) 877-5259
                                      Email: Charles.Jones@lawmoss.com

                                      ***Attorney for Wesley W. Scott and Kain & Scott, P.A.***

3283798v1

# Wes Scott

**From:** Wes Scott <wscott@kainscott.com>
**Sent:** Friday, September 11, 2015 4:03 PM
**To:** 'Jeffrey Bruzek'
**Subject:** RE: Three quick questions

Thanks Jeffrey!

MUCH APPRECIATED! Have a great weekend!

Wes

**From:** Jeffrey Bruzek [mailto:jeffrey@bruzeklaw.com]
**Sent:** Friday, September 11, 2015 4:01 PM
**To:** Wesley William Scott
**Subject:** Re: Three quick questions

I don't have the file in front of me but I think

1- it was a three way conference call in Feb/March 2015 with me, Jeanne, and Eric.

2- it's in ch. 13 and the plan language 1325 or 1328. Plans state they will be contract amounts as they come due post petition.

3- I told him that we would never agree that it was bad faith. I think it was in a telephone conference. Admitting it meant Jeanne knew that she should not have converted the case due To her actions. I didn't want her admitting to something she didn't believe to be true.


Jeffrey Bruzek
612-419-3961



On Sep 11, 2015, at 3:24 PM, Wesley William Scott <wscott@kainscott.com> wrote:

> Jeffrey- I have a phone conference with our carrier soon- do you have time to answer these quick questions?
>
> Thanks a ton!
>
> Kain & Scott PA
> Managing Partner
> 13700 Reimer Drive, suite 240
> Maple Grove, Minnesota 55311
>
> www.kainscott.com

EXHIBIT A

1

1-800-551-3292

7 Convenient Minnesota Locations near you!

Brainerd, St Cloud, Maple Grove, Eden Prairie, Eagan, Woodbury, and Roseville.

At Kain & Scott, we don't judge you, we HELP you get your life back!

Begin forwarded message:

**From:** Wesley William Scott <wscott@kainscott.com>
**Date:** September 10, 2015 at 7:46:42 PM CDT
**To:** Jeffrey Bruzek <jeffrey@bruzeklaw.com>
**Subject: Three quick questions**

1) can you tell me the date Jeanne talked to Erik?

2) do you remember the code stating mortgages are not dischargeable- I saw it once and can't find it- and Bill can't remember!

3) in your dealings with Erik did you specifically e-mail each other back and forth about no findings of bad faith?

Thanks!

Wes

Kain & Scott PA
Managing Partner
13700 Reimer Drive, suite 240
Maple Grove, Minnesota 55311

www.kainscott.com

1-800-551-3292

7 Convenient Minnesota Locations near you!

Brainerd, St Cloud, Maple Grove, Eden Prairie, Eagan, Woodbury, and Roseville.

At Kain & Scott, we don't judge you, we HELP you get your life back!